Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

December 08, 2009

**Appeal Number: 09-11949-FF**
Case Style: Henry A. Gaillard v. Eric Shinseki
District Court Number:  08-00461 CV-W-E

TO:   Debra P. Hackett

CC:   Henry A. Gaillard

CC:   R. Randolph Neeley

CC:   Administrative File

# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

December 08, 2009

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

**Appeal Number: 09-11949-FF**
Case Style: Henry A. Gaillard v. Eric Shinseki
District Court Number:  08-00461 CV-W-E

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 09-11949

District Court Docket No.
08-00461-CV-W-E

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct 14, 2009
THOMAS K. KAHN
CLERK

HENRY A. GAILLARD,

        Plaintiff-Appellant,

versus

ERIC SHINSEKI,
Secretary, Department of Veterans Affairs,

        Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

--------------------------------------------------
Appeal from the United States District Court
for the Middle District of Alabama
--------------------------------------------------

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
DEC 0 8 2009
U.S. COURT OF APPEALS
ATLANTA, GA.

    Entered:    October 14, 2009
For the Court:    Thomas K. Kahn, Clerk
        By:    Gilman, Nancy

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 14, 2009
THOMAS K. KAHN
CLERK

No. 09-11949
Non-Argument Calendar

---

D. C. Docket No. 08-00461-CV-W-E

HENRY A. GAILLARD,

                     Plaintiff-Appellant,

versus

ERIC SHINSEKI,
Secretary, Department of Veterans Affairs,

                     Defendant-Appellee.

---

Appeal from the United States District Court
for the Middle District of Alabama

---

(October 14, 2009)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

  Henry Gaillard appeals, pro se, from the district court's grant of summary judgment in favor of Eric Shinseki, Secretary of the Department of Veterans

Affairs,[1] in his employment discrimination suit under the Rehabilitation Act of 1973, 29 U.S.C. § 794. Gaillard was terminated from his employment on March 29, 2004, contacted an Equal Employment Opportunity ("EEO") Counselor on July 12, 2005, and filed a formal complaint of employment discrimination with an EEO representative on September 6, 2005. Gaillard admitted that he recalled seeing information posters at work that identified how to file a complaint with the EEO. On appeal, Gaillard argues that even if he failed to contact an EEO Counselor within 45 days of the termination of his employment or any underlying act of discrimination, it was because he was unaware of the time limit or procedures for filing an EEO complaint. After thorough review, we affirm.

We review a district court's grant of summary judgment de novo, viewing all facts and reasonable inferences in the light most favorable to the non-moving party. Strickland v. Water Works & Sewer Bd. of the City of Birmingham, 239 F.3d 1199, 1203 (11th Cir. 2001). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. See Fed.R.Civ.P. 56(c).

---

[1] Eric K. Shinseki was sworn in as Secretary of the Department of Veterans Affairs on January 21, 2009. Shinseki later substituted for R. James Nicholson as the defendant-appellee under Fed. R. App. P. 43(c)(2). The Secretary of the Department of Veterans Affairs is hereinafter referred to as "the VA."

2

The Rehabilitation Act prohibits federal agencies from discriminating in employment against qualified individuals with disabilities. See Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005); see also 29 U.S.C. § 794(a). A plaintiff asserting a private right of action under the Rehabilitation Act must satisfy the exhaustion of administrative remedies requirement in the manner prescribed by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5, 16, 29 U.S.C. § 794a; Doe v. Garrett, 903 F.2d 1455, 1459-60 (11th Cir. 1990). In this regard, the aggrieved federal employee "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). "Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies." Shiver v. Chertoff, 549 F.3d 1342, 1344 (11th Cir. 2008). If the employee shows that he was not notified or otherwise aware of the time limits, then he may seek an extension of the 45 day period. 29 C.F.R. § 1614.105(a)(2). The Supreme Court has held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a prerequisite that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

3

On the record here, the district court did not err in granting summary judgment to the VA on the basis that Gaillard failed to exhaust his administrative remedies under the Rehabilitation Act. The record indicates that Gaillard's employment was terminated on March 29, 2004, and this was therefore the last possible date when the allegedly discriminatory action could have occurred. Gaillard did not contact an EEO Counselor until July 12, 2005, which was over 15 months after the termination of his employment. Gaillard therefore failed to initiate contact with an EEO Counselor "within 45 days of the date of the matter alleged to be discriminatory" under 29 C.F.R. § 1614.105(a)(1).

The record also indicates that Gaillard recalled seeing an EEO poster on the bulletin board at his place of employment that provided the time limits for contacting an EEO Counselor. Gaillard, however, provided no evidence showing that he did not have constructive notice, given that he recalled seeing the EEO information posters at work. Thus, Gaillard failed to exhaust his administrative remedies under the Rehabilitation Act and, without an excuse for failing to contact an EEO Counselor within 45 days, is now time-barred from so doing. Accordingly, the district court did not err in granting summary judgment to the VA on Gaillard's disability discrimination claims.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By:
Deputy Clerk
Atlanta, Georgia